On writ of certiorari (328 U. S. 557) to review a judgment of the Court of Claims bolding that where an employee of the Panama Canal was employed and paid on a monthly basis, working 8 hours per day, 6 days a week, under Section 23 of the Act of March 28,1934 (48 Stat. 522; U. S. Code, Title 5, Section 673c.) 40 hours per week was set as the regular
work period for plaintifT’s job and payment of time and a half for overtime was directed under the statute, and, accordingly, plaintiff was entitled to recover on the basis of time and a half for plaintiff’s sixth day of work in each week throughout the period of his employment.
The judgment of the Court of Claims was, on January 15, 1945, affirmed by the Supreme Court.
Mr. Justice Boberts
delivered the opinion of the Supreme Court, holding:
One employed by the Panama Canal as operator, chief operator, and master of a dredge was engaged in one of the “trades or occupations” whose compensation was set “by wage boards or other wage-fixing authorities” within section 23 of the Independent Officers Appropriation Act of March 28, 1934 (48 Stat. 522) re-establishing wages of public employees at the level of June 1, 1932, subject only to the applicable percentage reductions provided by the Economy Acts.
The fact that compensation of a Panama Canal Zone employee is fixed on a monthly basis does not exclude him from the benefits of section 23 of the Independent Offices Appropriation Act of March 28,1934 in so far as it provides for overtime compensation for services in excess of 40 hours per week, notwithstanding the statute in terms relates to “weekly compensation” or “weekly earnings.”
Administrative practice prior to the adoption of a statute is of no moment in construing it.
Administrative practice requiring employees paid by the month to work overtime without additional compensation, in the teeth of a statute requiring the payment of compensation for overtime and a ruling by the Comp *851 troller General that the statute was applicable to monthly employees, cannot affect the meaning of the statute.
In calculating the overtime compensation for time worked in excess of 40 hours per week, of a Government employee compensated on a monthly basis, the proper method of ascertaining the daily wage rate is not to divide the monthly pay by 30, but to multiply the monthly pay by 12 and divide the result by 52 to obtain the weekly salary, which is to be divided by 5 to obtain the rate for an eight-hour day, and multiply the number of weeks in which the employee worked a sixth day by the ascertained daily wage plus one-half thereof.
Mr. Justice Murpiit concurred in the result.
The Chief Justice, Mr. Justice JacksoN and Mr. Justice Rutledge dissented.